# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN KEITH WAUGH, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. AW-11-1741 |
| SOUTHEASTERN GUN COMPANY | * | |
| Defendant | * | |

***
## MEMORANDUM

Pending is Brian Keith Waugh's complaint and Motion to Proceed in Forma Pauperis. After review of the pleadings, the Court will grant the Motion to Proceed in Forma Pauperis and dismiss the complaint for the reasons that follow.

### I. Complaint

Plaintiff brings this case based on federal question and diversity of citizenship jurisdiction. Plaintiff, a resident of Maryland who is representing himself, contends that the Georgia-based Defendant has violated 42 U.S.C § 1981.

The complaint is not a model of clarity. Waugh claims that on June 27, 2008,[1] he contacted Defendant by telephone to purchase a firearm. An unnamed company employee "said the required item that the manufacturer includes was not included, which was cause to deny the purchase." Complaint, p. 1. When Waugh asked "if a round could be fired for the shell casing not knowing it comes from the manufacturer," the employee replied it would be "unethical" and allegedly made statements in violation of 42 U.S. C. §1981. Waugh does not indicate the content of these statements.

---

[1] This case also presents questions concerning whether the statute of limitations has run. The court need not reach this question, however, in light of the complaint's failure to state a cause of action and the lack of jurisdiction, as are discussed herein.

Waugh also claims the employee said "all this started when President Lincoln started messing around with State's Rights and mentioned the 10th Amendment; implying, when he ended slavery in the Civil War in which blacks were given weapons." Waugh states that "the company" posted bumper sticker graphics on its website for Barack Obama for President, "as if in behalf of reverse discrimination with racist statements, one saying 'It's Time for Change, Kill Whitey' or former President Bush."

**II.     Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2), this Court must dismiss cases in which a plaintiff is proceeding in forma pauperis and the action is: 1) frivolous or malicious; 2) fails to state a claim on which relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).While this court is mindful that the pleadings of pro se litigants are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, _ U.S._ , _,129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, at 589 (internal citations omitted).

**III.     Jurisdiction**

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $ 75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3).

**IV.     Discussion**

Title 42 U.S.C §1981 provides that all persons shall have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Section 1981 is not, however, "a general proscription of racial discrimination ... it expressly prohibits discrimination only in the making and enforcement of contracts." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176 (1989). In order to establish a claim under section 1981, a plaintiff must establish that  1) he or she is a member of a racial minority; 2) the defendant intended to discriminate against plaintiff on the basis of race; and 3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, sue and be sued, give evidence, etc.). *See Mian v. Donaldson, Lufkin & Jenrette Securities Corporation,* 7 F.3d 1085, 1087 (2d Cir.1993); *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir.1994).

To the extent Waugh brings this action under 42 U.S.C. § 1981for the denial of the right to enforce a contract based on his race, he fails to state whether he is a member of a racial minority or sufficiently show how Defendant's actions show intent to discriminate against him on the basis of race. Waugh's allegations fail to meet the requisites for stating a §1981 claim, and the complaint must be dismissed.

Insofar as Waugh brings this case based on diversity of the parties' citizenship, the diversity statute requires the amount in controversy to exceed "the sum or value of $ 75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Waugh's request for $75,000 in punitive and nominal damages is not supported by any evidence of losses suffered. "The general rule governing dismissal for want of jurisdiction in federal cases is that 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 288-89 (1938)). A speculative argument regarding the potential value of an award, however, is insufficient to satisfy the amount in controversy requirement for diversity jurisdiction. *See Delph v. Allstate Home Mortgage,* 478 F. Supp. 852 (D. Md. 2007). Consequently, this case will be dismissed without prejudice by separate order.

July 13, 2011                                                         /s/
Date                                                        Alexander Williams, Jr.
                                                            United States District Judge